**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee of
the Morgan Stanley Mortgage Loan
Trust 2004-8AR,

                    Plaintiff,

vs.                                           Case No. 2:06-cv-417-FtM-34SPC

SCOTT M. FINE, et al.,

                    Defendants.

_____

## ORDER

      This case is before the Court on Plaintiff's Motion and Memorandum of Law in Support of Motion for Summary Judgment (Dkt. No. 55; Motion), filed March 23, 2007. On May 1, 2007, Defendant Securities and Exchange Commission (SEC) filed a response in support of the Motion. See United States Securities and Exchange Commission's Response in Support of Plaintiff's Motion for Summary Judgment (Dkt. No. 63; SEC's Response). Although directed to do so, see Order (Dkt. No. 58), Defendants Scott and Debra Fine (the Fines) and Defendant Third Federal Savings and Loan Association of Cleveland (Third Federal) have not filed a response.[1] Thus, the Motion appears to be unopposed and due to be reviewed below.

---

[1]    However, the Court notes that while Third Federal did not directly respond to the Motion, on April 30, 2007, all parties to the action filed a joint report, in which they stated that Third Federal and the SEC support Plaintiff's Motion. See Parties' Joint Report to the Court Regarding the Status of Mediation and Joint Motion to Extend Time in which to Engage in Mediation (Dkt. No. 62; Joint Status Report) ¶ 3.

## I.      Procedural History

Plaintiff filed this action on July 7, 2006, in the Twentieth Judicial Circuit, in and for

Lee County, Florida, seeking to foreclose on a mortgage (Mortgage) executed by the Fines

on real property located in Lee County, Florida (the Property).[2] See Complaint to Foreclose

Mortgage and to Enforce Lost Loan Documents (Dkt. No. 4; Complaint) at 1.  According to

the Complaint, Plaintiff joined the SEC and Third Federal as defendants because they may

also have an interest in the Property.  See id. at 2.  On August 17, 2006, the SEC removed

the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1444, 1446.  See Notice of

Removal (Dkt. No. 1).  Thereafter, the Fines filed their answer and affirmative defenses to

the Complaint on September 25, 2006, see Defendants Scott and Debra Fine's Answer and

Affirmative Defenses (Dkt. No. 18; Answer), and Plaintiff filed a reply to the Answer on

October 6, 2006, denying the Fines' affirmative defenses, see Deutsche Bank National Trust

Company as Trustee of the Morgan Stanley Mortgage Loan Trust 2004-8AR's Response to

Affirmative Defenses (Dkt. No. 22; Reply).

On October 10, 2006, Third Federal filed a cross-claim against the Fines and the

SEC.    See Amended Cross-Claim of Defendant, Third Federal Savings and Loan

Association of Cleveland (Dkt. No. 46; Cross-Claim).  The Cross-Claim includes a mortgage

foreclosure claim against the Fines and the SEC, with the SEC joined because it may have

an interest in the Property, as well as two fraud in the inducement claims against the Fines.

---

[2]      The Property is described as "LOT 2.  BLOCK R WHISKEY CREEK CLUB ESTATES, UNIT 3, PHASE
II, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 30, PAGE 02, PUBLIC RECORDS
OF LEE COUNTY, FLORIDA." See Complaint, Exh. A at 4.  Additionally, the street address of the Property is
1548 Whiskey Creek Drive, Fort Myers, Florida 33919.  See id.

See id.

The Court entered a Case Management and Scheduling Order, setting an April 6, 2007, dispositive motion deadline. (Dkt. No. 37; CMSO).  The CMSO also reflects that this case is set for a final pretrial conference on July 23, 2007, with a non-jury trial to commence during the August, 2007 trial term.  See id.

## II.    Summary Judgment Standard

Pursuant to Rule 56(c), Federal Rules of Civil Procedure (Rule(s)), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Rule 56 permits the moving party to discharge this burden with or without supporting affidavits.  See Rule 56(a), (b).  "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (per curiam) (internal citation and quotations omitted).  In determining

3

whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994) (per curiam)).

Plaintiff has now moved for summary judgment on its claims. See Motion at 1. In support of the Motion, Plaintiff has submitted the affidavit of Sean Nix, Vice President Loan Documentation. See Motion, Exh. A (Nix Affidavit). The Fines have failed to respond to or refute the Motion or Nix Affidavit.[3] Accordingly, the Court will consider the facts set forth below, as presented by Plaintiff in the Nix Affidavit and the Complaint,[4] to be undisputed.

## III. Facts

On April 27, 2004, the Fines executed a promissory note (Note) and Mortgage securing payment of the Note in favor of First Magnus Financial Corporation. See Complaint at 1; see also Deutsche Bank National Trust Company as Trustee of the Morgan Stanley Mortgage Loan Trust 2004-8AR's Notice of Filing (Dkt. Nos. 66 (copy) & 67 (originals); Notices of Filing). The Mortgage was recorded on May 4, 2004, see Complaint at 1, and subsequently assigned to Plaintiff on June 26, 2006, see Motion, Exh. 2 (the Assignment). Accordingly, Plaintiff now owns and holds the Note and Mortgage.[5] See Nix Affidavit ¶¶ 5,

[3] The Court notes that the Fines' attorney indicated in the Joint Status Report, filed April 30, 2007, that he was aware of the Motion but that, as of that time, he had not discussed with his clients whether they would oppose the Motion. See Joint Status Report ¶ 3. Nevertheless, the Fines' have not filed any opposition to the Motion.

[4] In his Affidavit, Mr. Nix avers that "each and every allegation in the Complaint is true." See id.

[5] Initially, Plaintiff attached only a copy of the Mortgage to the Complaint and sought to enforce a lost, destroyed, or stolen Note and Mortgage (Count II). See Complaint at 1, 4, Exh. A. However, in the Motion, Plaintiff states that it located the original Note and Mortgage and filed both with the state court prior to removal.

4

15.  Plaintiff's Mortgage is in first lien position.[6]  See Complaint ¶¶ 14-16.  Because the Fines failed to make their January 1, 2006, payment or any payment thereafter, the Mortgage and Note are in default.  See id. ¶ 7; Nix Affidavit ¶ 5.  The outstanding principal balance due on the Note is $191,400.00, with interest on this amount continuing to accrue at a rate of $30.81 per day.  See id. ¶¶ 5, 7.  As of March 20, 2007, Plaintiff asserts that the total amount due, including principal, interest, and costs[7] was $211,968.59.  See id. ¶ 5.

On August 1, 2006, pursuant to the Fair Debt Collection Practices Act (FDCPA) the Fines sent a Request for Verification of the Debt to Plaintiff.  See Motion at 5.  In response, Plaintiff states that it filed a copy of the Note and Mortgage with the Court on August 9, 2006, and served a Certificate of Compliance with the FDCPA on September 13, 2006.  See Motion at 6.  Plaintiff further asserts that "[a]t no time prior to September 13, 2006[,] did Plaintiff take any action to move the case forward."  Id.

Further, on or about September 19 and 25, 2006, Plaintiff and the Fines discussed a repayment plan.  See Nix Affidavit ¶ 8.  Plaintiff maintains that this discussion was not a mortgage modification agreement.  See id. ¶ 13.  Nevertheless, the repayment plan failed

---

See Motion at 2.  Plaintiff has since filed copies and originals of the Note, Mortgage, and Assignment in this Court's docket.  See Notices of Filing.  Accordingly, Count II of the Complaint is due to be dismissed.

[6]   On April 27, 2007, Third Federal and the SEC filed a partial stipulation in which they agree that Plaintiff's Mortgage is in first lien position and that Third Federal has priority over the SEC with respect to the first $25,000 surplus after Plaintiff's Mortgage is satisfied.  See Partial Stipulation of Defendant/Cross-Plaintiff, Third Federal Savings and Loan Association of Cleveland and Defendant/Cross-Defendant Securities and Exchange Commission Regarding Priority (Dkt. No. 61) ¶ 2.  Third Federal and the SEC further assert that their dispute regarding the priority to any remaining surplus will not become ripe until the Property is sold, Plaintiff's Mortgage is satisfied, and there is a surplus over $25,000.  Id. ¶ 3.

[7]   Costs include late charges, property inspections, appraisals, ad valorem taxes, hazard insurance premiums, and NSF fees.  See Id. ¶ 5.

5

on October 3, 2006, as the Fines did not to make the initial payment.  See id. ¶¶ 10-12.

As the above facts are undisputed, the Court finds that there is no issue of material fact remaining.  Accordingly, the undersigned will address whether Plaintiff has established that it would be entitled to summary judgment on the foreclosure claim as a matter of law before turning to whether the Fines have raised any affirmative defenses that would preclude summary judgment.

IV.    **Discussion**

A.    **Foreclosure**

Plaintiff requests summary judgment in its favor on the foreclosure count.  See Motion at 1.  If included in the mortgage contract, upon a borrower's default, a lender has the right to accelerate the balance due and to foreclose on the mortgage.  New England Mut. Life Ins. Co. v. Luxury Home Builders, Inc., 311 So.2d 160, 163 (Fla. 3d Dist.Ct.App. 1975).  Here, pursuant to the Assignment, Plaintiff is the owner and holder of the Mortgage and Note.  See Motion, Exh. 2.  The Mortgage is in first lien position and contains an acceleration clause upon the Fine's default.[8]  The Fines are in default under the terms of the Note and Mortgage because they have failed to make their January, 2006, payment or any monthly payment thereafter.  See Complaint ¶ 7; Nix Affidavit ¶ 5.  Further, Plaintiff states, without contradiction, that all conditions precedent to acceleration and foreclosure have been satisfied.  See id. ¶ 8.  Accordingly, as no genuine issue of material fact remains, it appears

_____

[8]    The Mortgage provides: "Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . ."  Complaint, Exh. A.

6

that Plaintiff will be entitled to summary judgment on its foreclosure claim, unless the Fines can establish that there is an issue of fact as to an affirmative defense that would defeat the claim.[9]

### B.    Affirmative Defenses

As their first affirmative defense, the Fines assert that they entered into a "mortgage modification agreement" with Plaintiff to cure and reinstate the Note and Mortgage. <u>See</u> Answer at 3.  While Plaintiff agrees that there were discussions regarding a repayment plan, Plaintiff asserts that there was no "modification agreement" and the Fines have failed to produce one. <u>See</u> Motion at 6; Nix Affidavit ¶¶ 10-14.  Plaintiff further contends that, to the extent there was a repayment plan, the plan failed because the Fines never provided the down payment as required. <u>See</u> <u>id.</u>  As the Fines have not produced any evidence in support of this defense, there is no genuine issue of material fact, and Plaintiff is entitled to summary judgment on this issue.

Next, the Fines allege that Plaintiff violated the FDCPA "by proceeding herein prior to complying with [their] request for verification of the debt and the original parties thereto." Answer ¶ 24.  The Fines further assert that they are entitled to a set off for any damages resulting from the FDCPA violation. <u>See</u> <u>id.</u> ¶ 25.  Pursuant to the FDCPA,

> [i]f the consumer notifies the debt collector in writing within the thirty-day period [of the initial communication] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor,

---

[9]    The Court notes that as it is undisputed that Plaintiff's Mortgage is superior to Third Federal's mortgage, once the redemption period is closed, the foreclosure of Plaintiff's Mortgage will extinguish Third Federal's claim and moot its Cross-Claim for foreclosure (Count I). <u>See</u> <u>Abdoney v. York</u>, 903 So.2d 981, 983 (Fla. 2d Dist.Ct.App. 2005) (once the time for redemption has expired, the foreclosure of a senior mortgage, extinguishes the lien of any junior mortgagee who was a party to the foreclosure).

> the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).  The Fines have failed to provide any evidence in support of their assertion that Plaintiff violated this portion of the FDCPA.  Further, while Plaintiff admits that the Fines requested verification of the debt on August 1, 2006,[10] Plaintiff states that it complied with the request on August 16, 2006, and that, "[a]t no time prior to September 13, 2006, did [it] take any action to move this case forward."  Motion at 5-6.  As the Fines have not disputed this statement, the Court concludes that Plaintiff is entitled to summary judgment on this defense.  In light of the foregoing, the Fines have failed to present a defense that would preclude summary judgment, and the undersigned will grant summary judgment in Plaintiff's favor on the foreclosure claim.

### C.      Attorney's Fees and Costs

In addition to the foreclosure claim, the Complaint requests an award of attorney's fees and costs against the Fines.  See Complaint at 2.[11]  Specifically, Plaintiff requests $3,825.00 in fees and $1,336.50 in costs.  See Motion, Exhs. A & B.  In support of this request, Plaintiff has attached the affidavit of Jorge L. Suarez, an attorney and member of the Florida Bar since 1990, see Affidavit of Plaintiff's Attorney's Time attached to the Motion

---

[10]     Plaintiff asserts that this request is attached to the Motion as Exhibit E.  However, from the Court's review of the exhibits, there is no Exhibit E attached to the Motion.

[11]     The Mortgage provides: "Lender may charge Borrower fees for services performed in connection with Borrower's default, . . . including, but not limited to attorneys' fees, property inspection and valuation fees." Complaint, Exh. A ¶ 14.

(Suarez Affidavit) at 14-15, as well as two affidavits from Plaintiff's attorney Donna Glick, <u>see</u> Motion, Exh. B (Affidavit of Costs); Motion, Exh. C (Affidavit of Plaintiff's Counsel as to Attorneys Fees; Plaintiff's Counsel's Affidavit).

    **1)**     **Lodestar**

    In calculating an appropriate attorney's fee award, the Florida Supreme Court has endorsed the use of the lodestar[12] method.  <u>See</u> <u>Bell v. U.S.B. Acquisition Co.</u>, 734 So.2d 403, 406 (Fla. 1999).  The lodestar method calculates a reasonable attorney fee award by multiplying the reasonable hourly rate times the reasonable number of hours expended, resulting in the lodestar figure.  <u>See</u> <u>id.</u>  The lodestar may then be reduced or enhanced depending upon the results obtained and contingency risk.  <u>See</u> <u>id.</u> at 407.

    Beginning with the determination of the reasonable number of hours expended in furtherance of a claim, an applicant is required to present adequate records indicating only the time spent performing tasks that would be reasonable to bill to a client.  <u>See</u> <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145, 1150 (Fla. 1985); <u>see also</u> <u>Fleming v. Qualls</u>, 667 So.2d 363, 364 (Fla. 1st Dist.Ct.App. 1995) (per curium) ("Failure to document work performed adequately may result in a reduction of the fee award.").  The hours expended should reflect "'the novelty and difficulty of the question involved.'"  <u>Florida Patient's</u>, 472 So.2d at 1150.  Moreover, when examining whether hours are reasonable, a court may use its discretion to reduce the award of hours spent excessively or unnecessarily.  <u>See</u> <u>id.</u>

---

[12]    The lodestar method provides an objective estimate, or "lodestar," of a reasonable attorney's fee award. <u>See</u> <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).

Here, Plaintiff has broken out its fee request into the number of hours expended on the uncontested portion of the case (eight hours) and the number of hours expended on the contested portion of the case (fifteen hours). See Plaintiff's Counsel's Affidavit. With regard to the uncontested time, Plaintiff's attorney explains that contemporaneous time records were not kept during this time because Plaintiff was contractually obligated to pay a $1,200.00 flat fee for that time. See id. However, Plaintiff's attorney has submitted a reconstruction of the approximate time and activities that were performed for the case during the uncontested period. See id.

Under appropriate circumstances, courts have allowed the reconstruction of time records where contemporaneous records were not kept. See Cohen & Cohen, P.A. v. Angrand, 710 So.2d 166, 168 (Fla. 3d Dist.Ct.App. 1998); Glades, Inc. v. Glades Country Club Apartments, Ass'n, Inc., 534 So.2d 723, 724 (Fla. 2d Dist.Ct.App. 1988). The reconstruction should be of a "sufficient level of detail to allow a determination of whether each activity was reasonably necessary, and whether the time allocation for each was reasonable." Cohen, 710 So.2d at 168. In the instant case, according to the reconstructed records, Plaintiff's counsel spent approximately eight hours on the case during that time. See Plaintiff's Counsel's Affidavit. While Plaintiff's attorney does not provide the approximate date on which the activities were performed, she does include a breakdown of the specific activities and an estimate of the amount of time it took to perform those tasks. See id. Based on this reconstruction, the Court finds that Plaintiff has provided sufficient detail for the Court to review the request for reasonableness. See Cohen, 710 So.2d at 168. Accordingly, the undersigned must next determine whether the time spent by Plaintiff's

10

counsel in this case was reasonable.

Plaintiff asserts that the eight hours expended during the uncontested portion of this case and the fifteen hours expended during the litigated portion of this case are reasonable. See Plaintiff's Counsel's Affidavit.  As the Fines did not file a response to the Motion, there is no suggestion that the number of hours is unreasonable.  Upon the Court's review of the billing record and reconstructed time, the Court is persuaded that the number of hours expended on this case is reasonable and will be allowed.

Turning to the calculation of the applicable hourly rates, the Court notes that a reasonable hourly rate is "the prevailing 'market rate,' i.e., the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services." Florida Patient's, 472 So.2d at 1151.  To establish a reasonable hourly rate, courts consider the factors set forth in Florida Bar Rule 4-1.5(b), Florida Rules of Professional Responsibility (Florida Bar Rule(s)),[13] "except the 'time and labor required,' the 'novelty and difficulty fo the

---

[13]   Florida Bar Rule 4-1.5(b) provides:

(b) Factors to Be Considered in Determining Reasonable fees and Costs.

(1) Factors to be considered as guides in determining a reasonable fee include:

(A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
(C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
(D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
(E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
(F) the nature and length of the professional relationship with the client;
(G) the experience, reputation, diligence, and ability to the lawyer or lawyers

11

question involved,' the 'results obtained,' and '[w]hether the fee is fixed or contingent.'" <u>See</u> <u>Bell</u>, 734 So.2d at 407 (quoting <u>Florida Patient's</u>, 472 So.2d at 1150-51).   In this case, Plaintiff's attorney is seeking $150.00 an hour for the uncontested time and $175.00 an hour for the contested time.   <u>See</u> Plaintiff's Counsel's Affidavit.   From a review of the billing records, it appears that almost all work was performed by Donna Glick, who asserts that the requested rates are reasonable.   <u>See</u> <u>id.</u>   In addition, Mr. Suarez opines that Plaintiff's attorneys' requested rates are reasonable.[14]   <u>See</u> Suarez Affidavit ¶¶ 6-7.   Based on the evidence presented and the Court's consideration of the factors set forth in Florida Bar Rule 4-1.5(b), giving particular attention to the routine nature of the case, the Court's knowledge of the fees customarily charged in this market, and the affidavits submitted by Ms. Glick and Mr. Suarez, the undersigned finds that the requested hourly rates are reasonable.

In light of the foregoing, the Court will calculate the lodestar as follows:

|  | Reasonable Hours | Reasonable Rate | Total |
|---|---|---|---|
| Pre-litigation Hours | 8 | $150.00/hour | $1,200.00 |
| Post-litigation Hours | 15 | $175.00/hour | $2,625.00 |
| **Lodestar** |  |  | **$3,825.00** |

Plaintiff does not suggest that an enhancement of the lodestar is appropriate in this case,

---

performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
(H) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

[14]    In his affidavit, Mr. Suarez states that he has experience in the defense and prosecution of similar foreclosure suits, familiarity with the rates customarily charged by attorneys and allowed by courts in foreclosure cases, and reviewed the relevant portions of Plaintiff's attorney's file.   <u>See</u> Suarez Affidavit ¶¶ 6-7.

and therefore, the undersigned will not consider it.  Accordingly, the Court will award Plaintiff fees in the amount of $3,825.00.

**2)   Costs**

Next, the Court turns to Plaintiff's request for an award of costs.  Plaintiff also seeks an award of $1,336.50 in costs pursuant to the terms of the Mortgage.  <u>See</u> Motion at 5; Affidavit of Costs.  A court may award costs as agreed at the inception of a contractual relationship.  <u>See</u> <u>Nemours Found. v. Gauldin</u>, 601 So.2d 574, 576-77 (Fla. 5th Dist.Ct.App. 1992)  (assessing costs consistent with the mortgage and promissory note provision rather than only those costs consistent with the prevailing party statute); <u>Maw v. Abinales</u>, 463 So.2d 1245, 1247 (Fla. 2d Dist.Ct.App. 1985) (noting that the award of costs was governed by the mortgage provision).  In addition to determining whether the costs are covered by the contractual provision, courts should ensure that the amount of the costs sought is reasonable.  <u>See</u> <u>Nemours</u>, 601 So.2d at 577 (finding remand appropriate for the trial court to consider the reasonableness of an appraiser's fee).  The Mortgage in this case provides: "[Plaintiff] may charge [the Fines] fees for services performed in connection with [the Fines'] default . . . ."  <u>See</u> Complaint, Exh. A at 12.  Plaintiff has asked for the following costs:  filing fee $275.00, service of process $540.00, abstracting $325.00, service/mail required by law $16.50, recording $20.00, bond $103.00, and title update charges $75.00.  <u>See</u> Affidavit of Costs.  Upon the Court's inspection of the requested costs, the Court finds that they are both consistent with the Mortgage provision and reasonable.  Thus, Plaintiff will be awarded **$1,336.50** in costs.

## IV.    Conclusion

In accordance with the foregoing, the Court will dismiss Count II of Plaintiff's Complaint and enter a judgment of foreclosure in favor of Plaintiff and against all Defendants.  An award of attorney's fees and costs in the amount of $5,161.50 will also be entered in favor of Plaintiff and against the Fines.

Accordingly, it is hereby

**ORDERED**:

1.      Count II of Plaintiff's Complaint, to reinstate a lost promissory note and mortgage, is **DISMISSED**.

2.      Plaintiff's Motion and Memorandum of Law in Support of Motion for Summary Judgment (Dkt. No. 55) is **GRANTED** to the extend that:

   a)      Judgement of Foreclosure is due to be entered in favor of Plaintiff and against Defendants.

   b)      Judgement is entered in favor of Plaintiff and against Defendants Scott and Debra Fine for the principal due on the Note in the amount of $191,400.00, plus interest in the amount of $30.81 a day from December 1, 2005, and costs in the amount of $7,937.49.[15]

   c)      Plaintiff's request for attorney's fees and costs from Defendants Scott and Debra Fine, is **GRANTED** as follows:   Plaintiff is awarded **$3,825.00** in attorney's fees and **$1,336.50** in costs, for a total award

---

[15]    To the extent there are additional fees and costs, Plaintiff should submit an amended affidavit setting forth the final amount due Plaintiff.

of **$5,161.50**.

    d)      Otherwise, the motion is **DENIED**.

2.    Plaintiff is directed to submit a proposed final Order of foreclosure on or before July 12, 2007.

3.    On or before July 25, 2007, Defendant/Cross-Claim Plaintiff Third Federal shall file a status report advising the Court of how it intends to proceed with regard to the remaining claims in this action.

**DONE AND ORDERED** in Chambers this 2nd day of July, 2007

**MARCIA MORALES HOWARD**
United States District Judge

lc2

Copies to:

Counsel of Record